1  Douglas J. Campion (State Bar No. 75381)
   Doug@DJCampion.com
2  **LAW OFFICES OF DOUGLAS J. CAMPION**
   409 Camino Del Rio South, Suite 303
3  San Diego, CA  92108
   Telephone: (619) 299-2091
4  Facsimile:  (619) 858-0034

5
   Daniel G. Shay (State Bar No. 250548)
6  DanielShay@SanDiegoBankruptcyNow.com
   **LAW OFFICES OF DANIEL G. SHAY**
7  409 Camino Del Rio South, Suite 101B
   San Diego, CA  92108
8  Telephone: (619) 222-7429
   Facsimile:  (866) 431-3292
9

10 Steven E. Kaftal (State Bar No. 248381)
   Steve@Kaftal.com
11 **LAW OFFICES OF STEVEN E. KAFTAL**
   409 Camino Del Rio South, Suite 101B
12 San Diego, CA  92108
   Telephone: (619) 786-7838
13 Facsimile:  (866) 431-3292

14 Attorneys for Plaintiff Cecelia Lahr

15

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CECELIA LAHR, on behalf of herself and all others similarly situated,** ) ) ) | **CASE NO. '12CV2788 CAB BGS** |
| **Plaintiff,** ) ) | **CLASS ACTION** |
| **vs.** ) ) ) | **Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.** |
| **PREMIERE CREDIT OF NORTH AMERICA, L.L.C., an Indiana Limited Liability Company,** ) ) ) ) | |
| **Defendant.** ) ) | **Jury Trial Demanded** |

### INTRODUCTION

1.     Cecelia Lahr ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Premiere

1

**Class Action Complaint for Damages**

Credit of North America, L.L.C. ("PCNA") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (collectively "Defendants"), in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction.  Venue is also proper in this District because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within  this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, County of San Diego, in this judicial district.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

2

**Class Action Complaint for Damages**

5.   Plaintiff is informed and believed, and thereon alleges, that Defendant PCNA is, and at all times mentioned herein was, an Indiana Limited Liability Company whose primary corporate offices are located in Indianapolis, Indiana, making the Defendant a citizen of Indiana for diversity purposes.   Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.   The Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (32).   Defendant PCNA is an accounts receivable management company and servicer of Student Loans. In that capacity as servicer, Defendant PCNA attempts to collect on such student loans, including past-due amounts owed on such loans.   Plaintiff had several Student Loans that Defendant PCNA serviced.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
### (TCPA), 47 U.S.C. § 227

6.   In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.   The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."   Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

8.   According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

3

**Class Action Complaint for Damages**

inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

9.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

**FACTUAL ALLEGATIONS**

10.    At all times relevant, Plaintiff was a citizen of the State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

11.    Defendant is, and at all times mentioned herein was, an entity that meets the definition of "person," as defined by 47 U.S.C. § 153 (32).

12.    At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

13.    Plaintiff had a student loan that was serviced by Defendant PCNA.

14.    Plaintiff did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt being serviced by Defendant PCNA, nor did she verbally provide PCNA with a cellular phone number at any time during the transaction that resulted in the debt owed to FPB.  Plaintiff did not give Defendant prior express consent to call Plaintiff on her cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

15.    On numerous occasions Plaintiff explicitly instructed Defendant PCNA not to call her on her cell phone.

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

**Class Action Complaint for Damages**

16.  On information and belief Defendant obtained Plaintiff's cellular telephone number from a third party, or by "trapping" such number, i.e., making a record of her cell phone number using caller identification technology, but did not receive that number from Plaintiff.

17.  Notwithstanding the fact Plaintiff did not provide Defendant with her cellular number at any time during the transaction that resulted in the debt owed, Defendant, or their agents, have called Plaintiff on her cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).  This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.  Such calls were by prerecorded voice message and were made several times per week, beginning no later than June 2010.  By way of example, on or about on or about January 24, 2012, Defendant called Plaintiff on her Virgin Mobile cell phone.  On or about February 2, 2012, Plaintiff received no less than seven (7) telephone calls to her Virgin Mobile cell phone from Defendant, all in violation of the TCPA.

19.  The telephone number Defendants and/or their agents called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

20.  These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

21.  These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1).

22.  Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

### CLASS ACTION ALLEGATIONS

23.  Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

24.  Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call from Defendant or their agents to said person's

**Class Action Complaint for Damages**

cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed, within the four years prior to the filing of the Complaint in this action.

25.   Excluded from the Class are Defendant and any entities in which Defendant have a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

26.   Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

27.   Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and/or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

28.   This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29.   The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The disposition of the claims in a class action will provide substantial benefit the parties and the

**Class Action Complaint for Damages**

Court in avoiding a multiplicity of identical suits.   The Class can be identified through Defendant's records or Defendant's agents' records.

30.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.   The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

   A.   Whether, within the four years prior to the filing of this Complaint, Defendant and/or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   B.   Whether Defendant can meet its burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

   C.   Whether Defendant's conduct was knowing and/or willful;

   D.   Whether Defendant is liable for damages, and the extent of statutory damages for such violation; and

   E.   Whether Defendant should be enjoined from engaging in such conduct in the future.

31.   As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.   Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

32.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.   Absent a class action, the Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.   Because of

7

**Class Action Complaint for Damages**

the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

38. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

///

///

///

**Class Action Complaint for Damages**

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

39.     Plaintiff incorporates by reference the above paragraphs 1 through 34, inclusive, of this Complaint as though fully stated herein.

40.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

41.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

43.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**
**THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

•     As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

•     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

•     An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

•     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court

**Class Action Complaint for Damages**

deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: November 19, 2012                     LAW OFFICES OF DOUGLAS J. CAMPION


                                            By:  /s/ Douglas J. Campion
                                            Douglas J. Campion
                                            Doug@DJCampion.com
                                            409 Camino Del Rio South, Suite 303
                                            San Diego, CA  92108
                                            Telephone: (619) 299-2091
                                            Facsimile:  (619) 858-0034

10

**Class Action Complaint for Damages**

Date: November 19, 2012                LAW OFFICES OF DANIEL G. SHAY


By:  /s/ Daniel G. Shay
Daniel G. Shay
DanShay@SDBKN.com
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292


Date: November 19, 2012                LAW OFFICES OF STEVEN E. KAFTAL


By:  /s/ Steven E. Kaftal
Steven E. Kaftal
Steve@Kaftal.com
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 786-7838
Facsimile:  (866) 431-3292


Attorneys for Plaintiff

**Class Action Complaint for Damages**

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cecelia Lahr, on behalf of herself and others similarly situated

**DEFENDANTS**
PREMIERE CREDIT OF NORTH AMERICA, L.L.C.

**(b)** County of Residence of First Listed Plaintiff   San Diego, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Marion County, IN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Douglas J. Campion, 409 Camino del Rio South #303
San Diego, CA 92108; Law Offices of Daniel G. Shay and Law Offices of
Steven E.Kaftal 409 Camino del Rio South #101B  San Diego, CA 92108

Attorneys *(If Known)*
'12 CV2788 CAB BGS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        another district
        *(specify)*

☐ 6   Multidistrict
        Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227; 28 U.S.C. 1332 (CAFA)
Brief description of cause:
Telephone Consumer Protection Act class action case

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE                              DOCKET NUMBER

DATE
11/19/2012

SIGNATURE OF ATTORNEY OF RECORD
/s/ Daniel G. Shay

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Print      Save As...      Reset